**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>ONE HUNDRED THIRTY-EIGHT THOUSAND ONE HUNDRED EIGHTY-SIX DOLLARS AND TWENTY-EIGHT CENTS, ($138,186.28),<br><br>      Defendant. | No. C07-3030-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

_____

**TABLE OF CONTENTS**

*I.   INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*II.  STANDARDS FOR SUMMARY JUDGMENT* . . . . . . . . . . . . . . . . . . . . . . . 3

*III. LEGAL STANDARDS FOR CIVIL FORFEITURE* . . . . . . . . . . . . . . . . . . . 7

*IV.  LEGAL ANALYSIS AND MATERIAL FACTS* . . . . . . . . . . . . . . . . . . . . . 9

*V.   CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*I. INTRODUCTION AND BACKGROUND*

      This civil forfeiture action is a companion case to a criminal proceeding, case No. 07-3001-MWB. In the criminal case, Gary Draper, a resident of Randall, Iowa, was

charged by information with one count of willfully evading federal income tax under 26 U.S.C. § 7201. Draper subsequently pled guilty to the charge under a written plea agreement. The written plea agreement stated Draper "agrees to a civil settlement in lieu of forfeiture pursuant to 19 U.S.C. § 1613(c) in the amount of $168,186.28."[1] The plea agreement also stated several stipulated facts, which included the following:

> During the calendar years 1999, 2000 and 2001, [Draper] knowingly accepted, stored and sold livestock he knew to have been stolen from Iowa farms by another individual. [Draper] then divided the proceeds from these sales with the individual who had stolen the livestock. [Draper] received approximately $212,174.56 from this criminal venture. In each of the calendar years 1999, 2000 and 2001, [Draper] willfully attempted to evade and defeat the payment of the income tax due and owing by him to the United States of America in a total amount of $54,933, by concealing and attempting to conceal his illegal income from his criminal enterprise.

This court accepted Draper's guilty plea and he was subsequently sentenced to serve 12 months and one day in prison, pay a fine of $3,000, and pay $54,933 in restitution to the Internal Revenue Service.

In this civil proceeding, plaintiff United States of America (the Government) filed a complaint *in rem* "to enforce the provision of 18 U.S.C. § 981(a)(1)(A) for the forfeiture of property which represents or is traceable to the gross receipts obtained directly or indirectly of a specified unlawful activity (interstate transportation of stolen property), in

---

[1] 19 U.S.C. § 1613(c) states: "If property is seized by the Secretary under law enforced or administered by the Customs Service, or otherwise acquired under section 1605 of this title, and relief from the forfeiture is granted by the Secretary, or his designee, upon terms requiring the deposit or retention of a monetary amount in lieu of the forfeiture, the amount recovered shall be treated in the same manner as the proceeds of sale of a forfeited item."

violation of Title 18, United States Code, Section 2314." Docket No. 1, Complaint, p. 1. On the same day the complaint was filed, April 26, 2007, the clerk of court issued a "warrant for arrest in rem" of the defendant property. The warrant directed the United States Department of the Treasury to seize the defendant property in order to protect and maintain it until further order of this court. The defendant property was seized on June 28, 2007. The Government now moves for summary judgment, alleging no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.

## II. STANDARDS FOR SUMMARY JUDGMENT

Motions for summary judgment essentially "define disputed facts and issues and . . . dispose of unmeritorious claims [or defenses]." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1982 (2007); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986) ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses. . . ."). Any party may move for summary judgment regarding "all or any part" of the claims asserted in a case. Fed R. Civ. P. 56(a), (b) (allowing a claimant to move for summary judgment "at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party," and allowing a defending party to move for summary judgment "at any time"). Summary judgment is only appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no *genuine* issue of *material* fact and that the moving party is entitled to a judgment as a matter of law." *Id*. 56(c) (emphasis added); *see Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005) ("Summary judgment is appropriate if viewing the record in the light most favorable to the nonmoving party, there

3

are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.").

A fact is *material* when it "'might affect the outcome of the suit under the governing law.'" *Johnson v. Crooks*, 326 F.3d 995, 1005 (8th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Thus, "the substantive law will identify which facts are material." *Anderson*, 477 U.S. at 248. Facts that are "critical" under the substantive law are material, while facts that are "irrelevant or unnecessary" are not. *Id.* An issue of material fact is *genuine* if it has a real basis in the record, *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)), or when "'a reasonable jury could return a verdict for the nonmoving party' on the question," *Woods*, 409 F.3d at 990 (quoting *Anderson*, 477 U.S. at 248); *see Diesel Machinery, Inc. v. B.R. Lee Indus., Inc.*, 418 F.3d 820, 832 (8th Cir. 2005) (stating genuineness depends on "whether a reasonable jury could return a verdict for the non-moving party based on the evidence"). Evidence presented by the nonmoving party that only provides "some metaphysical doubt as to the material facts," *Matsushita*, 475 U.S. at 586, such as a "scintilla of evidence," *Anderson*, 477 U.S. at 252; *In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 113 F.3d 1484, 1492 (8th Cir. 1997), or evidence that is "merely colorable" or "not significantly probative," *Anderson* at 249-50, does not make an issue of material fact genuine.

Thus, a *genuine issue of material fact* is not the "mere existence of some alleged factual dispute between the parties." *State Auto. Ins. Co. v. Lawrence*, 358 F.3d 982, 985 (8th Cir. 2004). "'Instead, "the dispute must be outcome determinative under prevailing law."'" *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005) (quoting *Get Away Club, Inc. v. Coleman*, 969 F.2d 664, 666 (8th Cir. 1992), in turn quoting *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989)). In other words, a genuine issue of

4

material fact requires "sufficient evidence supporting the claimed factual dispute" so as to "require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 248-49. Essentially, a genuine issue of material fact determination, and thus the availability of summary judgment, is a determination of "whether a proper jury question [is] presented." *Id.* at 249. A proper jury question is present if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

Procedurally, the moving party does not have to "support its motion with affidavits or other similar materials *negating* the opponent's claim," *Celotex*, 477 U.S. at 323, but the moving party does bear "the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." *Hartnagel,* 953 F.2d at 395 (citing *Celotex*, 477 U.S. at 323). Thus, a movant need only demonstrate the absence of a genuine issue of material fact and that it is entitled to judgment according to law. *See Celotex*, 477 U.S. at 323 ("[T]he motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied."). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Mosley*, 415 F.3d at 910 ("The nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.'" (quoting *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995))). Thus, the movant must show the absence of a genuine issue of material fact as it relates to the substantive law, and the nonmovant must show the alleged issue of fact is genuine and material as it relates to the

5

substantive law. If a party fails to make a sufficient showing of an essential element of a claim or defense with respect to which that party has the burden of proof, then the opposing party is "entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 322; *In re Temporomandibular Joint*, 113 F.3d at 1492.

In considering whether a genuine issue of material fact is present the court must view all the evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587-88; *Mosley*, 415 F.3d at 910. Further, the court must give such party the benefit of all reasonable inferences that can be drawn from the facts. *Matsushita*, 475 U.S. at 587-88. However, "because we view the facts in the light most favorable to the non-moving party, we do not weigh the evidence or attempt to determine the credibility of the witnesses." *Kammueller v. Loomis, Fargo & Co.*, 383 F.3d 779, 784 (8th Cir. 2004). Rather than "attempt[ing] to determine the truth of the matter . . . the court's function is to determine whether a dispute about a material fact is genuine." *Quick v. Donaldson Co., Inc.*, 90 F.3d 1372, 1376-77 (8th Cir. 1996).

Of course, the facts are not the sole concern of the court; after all, a genuine issue of material fact necessarily depends on the substantive law. *See Holloway*, 884 F.2d at 366 ("The presence of a genuine issue of fact is predicated on the existence of a legal theory which can be considered viable under the nonmoving party's version of the facts. The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under prevailing law."). Moreover, summary judgement is particularly appropriate "where the unresolved issues are primarily legal rather than factual." *Aucutt v. Six Flags Over Mid-America, Inc.*, 85 F.3d 1311, 1315 (8th Cir. 1996). But even if no genuine issue of material fact is present in a case, summary judgment is not appropriate unless the governing law supports the moving party's position. Fed. R. Civ. P. 56(c) (requiring the moving party to also show that it "is entitled

to judgment as a matter of law"). Furthermore, "the inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits." *Anderson*, 477 U.S. at 252; *see Brandon v. Lotter*, 157 F.3d 537, 539 (8th Cir. 1998) ("'In ruling on a motion for summary judgment, the court must bear in mind the actual quantum and quality of proof necessary to support liability under the applicable law.'" (quoting *Hartnagel*, 953 F.2d at 396)). Therefore, the court will first address the evidentiary standards of proof involved in this claim of civil forfeiture, and then address the Government's motion for summary judgment in light of the applicable standards and the factual issues presented by the parties.

### *III. LEGAL STANDARDS FOR CIVIL FORFEITURE*

The roots of forfeiture date back to biblical times, but the modern standards for civil forfeiture in America are based on statute. *See Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 681 n.17 (1974) ("[I]f an ox gore a man or a woman, and they die, [the ox] shall be stoned and [its] flesh shall not be eaten." (quoting Exodus 21:28)); 18 U.S.C. § 981 (explaining the kinds of property subject to forfeiture to the United States); 21 U.S.C. § 881 (same). The Government relies on 18 U.S.C. § 981(a)(1)(A) to secure forfeiture of the defendant property in the present case. Among other things, Section 981(a)(1)(A) allows the forfeiture of proceeds derived from money laundering. *See United States v. Funds from Prudential Securities*, 362 F. Supp. 2d 75, 79-80 (D.D.C. 2005) ("Congress has set forth several types of property that are subject to civil forfeiture, two of which are proceeds from money laundering and illegal drug transactions." (citing 18 U.S.C. § 981)).

7

Section 981(a)(1)(A) specifically states that "any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956 … of this title, or any property traceable to such property . . . is subject to forfeiture to the United States." A violation of Section 1956, entitled "Laundering of monetary instruments," occurs when a person

> knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of *specified unlawful activity*–
> (A)(i) with the intent to promote the carrying on of specified unlawful activity; or
> (ii) with intent to engage in conduct constituting a violation of section 7201 or 7206 of the Internal Revenue Code of 1986; or
> (B) knowing that the transaction is designed in whole or in part–
> (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or
> (ii) to avoid a transaction reporting requirement under State or Federal law.

18 U.S.C. § 1956(a)(1) (emphasis added). "Specified unlawful activity" generally includes "any act or activity constituting an offense listed in Section 1961(1)." 18 U.S.C. § 1956(c)(7)(A). Section 1961(1) lists Section 2314, which makes the "interstate transportation of stolen property" a crime. 18 U.S.C. § 1961(1); *see* 18 U.S.C. § 2314 (entitled "Transportation of stolen goods, securities, moneys, fraudulent State tax stamps, or articles used in counterfeiting"). The interstate transportation of stolen property, of course, is the specified unlawful activity that the Government alleges the defendant property is "traceable to." 18 U.S.C. 981(a)(1)(A).

8

To prevail on its claim, or in any civil forfeiture action commenced after the August 23, 2000 effective date of the Civil Asset Forfeiture Reform Act (CAFRA), *see* Pub. L. 106-185, § 16, 114 Stat. 202, 221, the government must "establish, by a preponderance of the evidence, that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1); *see United States v. $174,206.00 in U.S. Currency*, 320 F.3d 658, 661-62 (6th Cir. 2003) (juxtaposing the frameworks for adjudicating forfeiture actions before and after CAFRA). Notably, "the Government may use evidence gathered after the filing of a complaint for forfeiture to establish, by a preponderance of the evidence, that property is subject to forfeiture." 18 U.S.C. § 983(c)(2). In addition, "if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the defendant property and the alleged offense." *Id.* § 983(c)(3).

The Government does not argue the defendant property was used to commit or facilitate the commission of a criminal offense. Instead, the Government alleges the defendant property "represents or is traceable to the gross receipts obtained" as a result of the interstate transportation of stolen property. Docket No. 1, Complaint, p. 1. Therefore, the Government need only meet its burden of proof that the defendant property is subject to forfeiture under Section 981(a)(1)(A).

### IV. LEGAL ANALYSIS AND MATERIAL FACTS

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue

9

of material fact." *Celotex*, 477 U.S. at 323. The Government has indeed informed the court of its basis for the motion: that the defendant property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(A) because it is property traceable to the interstate transportation of stolen property. Docket No. 1, Complaint, p. 1. The Government has also submitted a statement of material facts that includes the following: (1) the Government filed a complaint against the defendant property alleging that such property is traceable to the proceeds received from the interstate transportation of stolen property in violation of 18 U.S.C. § 2314; (2) Draper, the defendant in the companion criminal case, voluntarily turned over the defendant property and forfeited his right to it under his plea agreement with the Government in case No. 07-3001; (3) defendant property has been seized by the IRS and is being held until the resolution of this action; (4) Draper knowingly accepted, stored, and sold livestock he knew to have been stolen from Iowa farms by another individual from 1999 to 2001; (5) Draper split the proceeds from such activity with the individual who had stolen the livestock; (6) "Draper received approximately $212,175.56 in proceeds *from the specified unlawful activity (interstate transportation of stolen property)*"[2]; (7) from 1999 to 2001 Draper willfully attempted to escape the payment of $54,933 in federal income tax by concealing his illegal income; (8) on July 17, 24, and 31 of 2007, the Government published notice of this forfeiture action in the *Fort Dodge Messenger* which informed potential victims to submit Petitions for Remission or Mitigation within 35 days of the last publication; (9) four known potential victims have been given informational packets on how to file a Petition for Remission or Mitigation; and (10) no known or unknown potential victims have filed a claim or Petition for Remission

---

[2] The court has quoted this statement from the Government's Statement of Material Facts, and italicized it, to emphasize the Government's bald assertion, on this record, that Draper's proceeds were derived from the interstate transportation of stolen property.

or Mitigation. Docket No. 4, Statement of Material Facts, p. 1-3 (emphasis added). Finally, the Government filed a brief in support of summary judgment, which concluded: "The facts alleged in the Statement of Material Facts, the plea to the underlying criminal charges, and the fact that no party has filed a claim to this money indicates the United States has met its burden of proof and summary judgment should be granted." Docket No. 4, Brief in Support of SJ, p. 6.

The court, however, is perplexed by the Government's argument. Other than the assertion in the Government's Statement of Material Facts that Draper's criminal activities involved the interstate transportation of stolen property, the court cannot discern any evidence in anything that has been presented to it that the defendant property is actually traceable to the interstate transportation of stolen property.

> There are four elements to the offense of interstate transportation of stolen property: (1) the property was stolen or taken by fraud; (2) the property had a total value of $5,000.00 or more; (3) after the property was stolen or taken by fraud, the defendant moved it or caused it to be moved *across a state line*; and (4) at the time the defendant moved or caused the property to be moved across a state line, the defendant knew that it had been stolen or taken by fraud.

*United States v. Wainright*, 351 F.3d 816, 822 (8th Cir. 2003) (footnote omitted) (emphasis added). Thus, the substantive law clearly directs that the question of whether the defendant property is traceable to the interstate transportation of stolen property is material. *Anderson*, 477 U.S. at 248 ("[T]he substantive law will identify which facts are material."). There is similarly no doubt that this question, or issue of material fact, is genuine.

Draper pleaded guilty to tax evasion under 26 U.S.C. § 7201, not the interstate transportation of stolen property under 18 U.S.C. § 2314. Moreover, the stipulation of

11

facts in Draper's plea agreement does not indicate his crime had anything to do with the *interstate transportation* of stolen livestock or other property. Without any evidence to show that the defendant property is traceable to the interstate transportation of stolen property, the court has no doubt in concluding "'a reasonably jury could return a verdict for the nonmoving party' on the question." *Woods*, 409 F.3d at 990 (quoting *Anderson*, 477 U.S. at 248). Thus, a genuine issue of material fact remains, and summary judgment must be denied.

## *V. CONCLUSION*

The Government has not met its burden at this summary judgment stage to prove that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. The Government sought summary judgment regarding property it alleged was subject to forfeiture because it was traceable to a specified unlawful activity--the interstate transportation of stolen property. The court can find nothing, however, that shows the defendant property is traceable to the interstate transportation of stolen property. Therefore, the Government's motion for summary judgment is **denied**. Such a result is surprising, especially because the Government's motion is unopposed. The court, however, is left with no choice.

**IT IS SO ORDERED.**

**DATED** this 23rd day of October, 2007.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA